### 59542. FORD v. WHITMIRE et al.

McMURRAY, Presiding Judge.

On December 8, 1977, Henry W. Whitmire and Sheryl C. Whitmire entered into an agreement to sell and convey certain real property located in Barnesville, Lamar County, Georgia, for the sum of $80,000 to Jean Schmidt Ford. Mrs. Ford paid $500 as earnest money and agreed to pay $15,000 on January 15, 1978, and the balance in the amount of $64,500 on or before April 13, 1978. The earnest money was to be returned to the purchaser if objections to the marketability of the title were discovered; otherwise, the sellers were to "retain the earnest money as liquidated damages." The contract contains several special stipulations with reference to closing costs paid by seller, taxes to be prorated at closing and for the seller to make certain repairs or replacements as to the dwelling house located on the property. Mrs. Ford then made payment of the $15,000. However, Mrs. Ford later decided that she did not wish to purchase the house and demanded return of the $15,000. The Whitmires refused to return any sums advanced and wanted her to go through with the sale and complete the contract.

Whereupon Mrs. Ford brought this action in three counts against Henry W. Whitmire and Sheryl C. Whitmire, who signed the sales contract as sellers, and Sam L. Whitmire, who is shown on the sales contract as a witness. In Count 1 she sought the return of the $15,000 which she contends was an advance on the valid contract and which sum she contends the defendants were not entitled to keep. In Count 2 she contends the instrument was utterly void as a real estate sales contract, and she sought return of the $15,500 allegedly paid by mistake. In Count 3 she sought judgment against all the defendants, alleging Sam L. Whitmire

acted as attorney at law and that the defendants made numerous inducements and representations in order to obtain her signature to the alleged instrument which she contends was a temporary one and that a new document would be prepared and that said representations were materially and wilfully false, fraudulent and misleading, and she sought judgment jointly and severally for fraud of the defendants in the sum of $15,500 and for punitive damages in the sum of $50,000.

The defendants filed a motion to dismiss, a motion for summary judgment with affidavits attached thereto and answered the complaint by denying the claim, admitting jurisdiction, the execution of the contract attached to the complaint and the payments thereon of the $500 earnest money and the payment of the $15,000 in accordance with the contract, but contend and deny that they were under any legal obligation to return any sum whatsoever. They further denied that there was any misrepresentation or fraudulent inducement involved in getting the plaintiff to execute the contract. By cross action, the defendants sought to have the plaintiff specifically perform the contract by paying the balance toward the purchase of the property in the amount of $64,500, plus interest at the legal rate, and that the court decree specific performance or, in the alternative, the defendants, Henry W. Whitmire and Sheryl C. Whitmire, be awarded the sum of $64,500 as damages due to the breach of said contract by the plaintiff.

Plaintiff moved for summary judgment attaching certain affidavits thereto with the contract attached as an exhibit and the affidavit of another individual who contended that the sales contract executed in her presence and in the presence of the sellers and buyer was "an option to buy agreement involving $500.00 earnest money and that said document was a temporary agreement to hold the house until . . . [purchaser] . . . could have a permanent and valid contract drawn up by her attorney." Plaintiff also amended her petition alleging that the so-called sales contract involving real estate was merely a "temporary agreement" to "hold the house for her." The defendants then offered certain affidavits in opposition to the plaintiff's motion for summary judgment. In particular, the affidavit of Sam L. Whitmire was submitted, contending therein that he was merely present, visiting the home of his son and daughter-in-law, when the purchaser and her children and another person came to the house and made a statement that she was ready to sign the contract for same; that she freely and voluntarily signed the contract after reading the contents and that he at no time did encourage any of the parties to execute the

contract and offered no legal advice whatsoever to any of the parties to the said contract and further that the word "temporary" was never used with reference to the contract in the presence of all concerned. He contends further that the contract was a binding contract and that certain additions were made to the contract at the specific request of the plaintiff.

At a hearing on the combined motions of all concerned, another affidavit of one of the defendants, Henry W. Whitmire, was filed, contending he had been damaged in the premises in at least the sum of $7,500 and that the plaintiff was indebted to the two defendants, Henry W. Whitmire and Sheryl C. Whitmire, "in the sum of at least ... $8,000.00 ... total." The trial court then issued an order making certain findings of fact as to certain uncontroverted matters and concluded as a matter of law "[t]hat the plaintiff, Jean S. Ford, has partly performed the contract for the purchase and sale of real estate so as not to limit the damages of the defendants to the liquidated damages provision contained in the contract for the sale of real estate." The court then determined that under the facts there was no basis to rescind the contract on the basis of fraud and no deception was shown in the execution of the contract. The trial court granted the defendant Sam L. Whitmire's motion for summary judgment and denied the motion for summary judgment of defendants Henry W. Whitmire and Sheryl C. Whitmire on their counterclaim for specific performance. The trial court then granted the plaintiff's motion for summary judgment in the sum of $7,500, awarding her judgment in that amount against the defendants Henry W. Whitmire and Sheryl C. Whitmire, jointly and severally. The court also ordered each party to bear his own costs. The plaintiff appeals. *Held:*

1. The plaintiff in Count 1 sought judgment in the amount of $15,000 based upon a valid and enforceable contract. She sought $15,500 as to Count 2, contending the contract was utterly void as a real estate contract; and for fraud and misrepresentation wilfully made seeking judgment for damages in the sum of $15,500 and for punitive damages of $50,000 in Count 3, based upon the so-called temporary agreement which she had executed. In support of her motion for summary judgment she was awarded the sum of $7,500 which, under Code Ann. § 81A-156 (d) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759), could only be stated to be an award of a partial summary judgment, that is, "not rendered upon the whole case or for all the relief sought." This judgment was entered against the defendants Henry W. Whitmire and Sheryl C. Whitmire, jointly and severally. No appeal was entered by these defendants, and this grant of a partial summary judgment is final

and binding on the parties. However, the denial of the defendants' motion for summary judgment as to their claim for specific performance also leaves this issue in the case for further adjudication.

2. As to the defendant Sam L. Whitmire wherein a motion for summary judgment was granted in his favor, the evidence does not disclose that he was involved in the transaction other than as a witness. No claim as to this defendant remains for determination as a final judgment not appealed is final and binding on the parties.

3. The first enumeration of error of the plaintiff is that the trial court erred in awarding the defendants actual damages in the amount of $8,000 despite the clear and unambiguous language of the contract of sale of real estate which contained a liquidated damage provision for $500 in the event of breach by the plaintiff. The other two enumerations of error merely restate the first enumeration with reference to alleged actual damages awarded to the defendants of $8,000 in this instance in the summary judgment. However, as stated above, there has been no award of actual damages to the defendants whatsoever inasmuch as only a partial summary judgment has been entered in favor of the plaintiff in the amount of $7,500 wherein she was seeking considerably more in the three counts of this suit. There is no merit in any of the three enumerations of error as there has been no award in favor of the defendants for any amounts whatsoever.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED MARCH 11, 1980 — DECIDED
APRIL 21, 1980.

*Frank Derrickson,* for appellant.
Jean S. Ford, *pro se.*
*Harvey J. Kennedy, Jr.,* for appellees.